# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Marcos Antonio Aguilar Rodriguez, <br><br> Petitioner, <br><br> v. <br><br> Christopher Howard, et al., <br><br> Respondents. | No. CV-25-04757-PHX-SHD (DMF) <br><br> **ORDER** |

Petitioner, through counsel, filed this action under 28 U.S.C. § 2241 challenging his immigration detention. (Doc. 1.)

Petitioner alleges he previously spent six years in immigration detention before being granted bond in the amount of $20,000. (Doc. 1 ¶ 1.) Petitioner eventually was able to post bond in 2017. In June 2025, Petitioner's removal proceedings were dismissed at the request of the Department of Homeland Security, Petitioner was redetained, and an immigration judge denied bond based on DHS's representations of prior gang membership. (*Id.* ¶¶ 2-3.) Petitioner argues his gang membership stemmed from was when he was a child in El Salvador and was known to the immigration judge when he was granted bond a decade ago and that no material change in circumstances existed that would justify denial of bond.

Petitioner argues his redetention without any material change in circumstances violates 8 U.S.C. § 1226(a), the Administrative Procedure Act, and the Due Process Clause. Although an Immigration Judge's discretionary bond determination is typically

not reviewable in federal court, s*ee* 8 U.S.C. § 1226(e), courts do retain jurisdiction to consider claims that the legal framework governing detention fails to provide due process. *Martinez v. Clark*, 124 F.4th 775, 781 (9th Cir. 2024).  Indeed, § 1226(e) does not bar courts from concluding that "[t]he evidence before the IJ failed, as a matter of law, to prove flight risk or danger." *Judulang v. Chertoff*, 562 F. Supp. 2d 1119, 1127 (S.D. Cal. 2008).

Petitioner also filed a Motion for Ex Parte Temporary Restraining Order (Doc. 6).[1] The Court will deny Petitioner's Motion to the extent it requests ex parte relief as he has not shown that he is likely to suffer immediate and irreparable injury before Respondents can be heard in opposition. See Fed. R. Civ. P. 65(b)(1).  However, the Court will require Respondents to file expedited responses to the Petition and Motion for Temporary Restraining Order with notice.  Respondents must also specifically address whether Petitioner's 2017 bond was properly revoked (including whether the bond was returned to Petitioner) and identify the material change in circumstances that justified redetention in 2025.  Any response must be supported by documentary evidence including, if applicable, affidavits by individuals with personal knowledge of the factual statements made therein and signed under penalty of perjury.

**IT IS THEREFORE ORDERED:**

(1) Petitioner's Motion for Order to Show Cause and Motion to Set Expedited Briefing Schedule (Docs. 2, 7) are **denied**.

(2) Counsel for Petitioners must immediately serve the Petition upon Respondents.

(3) If not already issued, the Clerk's Office must issue any properly completed summonses.

(4) The Clerk of Court must immediately transmit by email a copy of this Order, the Petition, and the Motion for Ex Parte Temporary Restraining Order to the

---

[1] Petitioner also filed a Motion for Order to Show Cause and a Motion to Set Expedited Briefing Schedule (Docs. 2, 7.).  The Court will deny the motion for order to show cause and motion to set an expedited briefing schedule as moot.

United States Attorney for the District of Arizona, to the attention of Melissa Kroeger at melissa.kroeger@usdoj.gov, Lon Leavitt at lon.leavitt@usdoj.gov, Theo Nickerson at theo.nickerson2@usdoj.gov, Dina Anagnopoulos at Dina.Anagnopoulos@usdoj.gov, and Mary Finlon at Mary.Finlon@usdoj.gov.

    (5)    Respondents must respond to the Petition and Motion no later than **March 6, 2026**.

    (6)    Petitioner may file a Reply no later than **March 10, 2026**.

Dated this 27th day of February, 2026.

_____
Honorable Sharad H. Desai
United States District Judge